# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GWENDOLYN HILL,

      Plaintiff,                    CIVIL ACTION NO. 09-CV-13562

                                 DISTRICT JUDGE PATRICK J. DUGGAN

    vs.                          MAGISTRATE JUDGE MONA K. MAJZOUB

YPSILANTI HOUSING COMMISSION,
DANIELLE A. BASS-SMITH, ALI A.
SHAKOOR and ERIC TEMPLE,

      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISQUALIFICATION OF PLAINTIFF'S COUNSEL, OR IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S COUNSEL FROM PLAINTIFF'S WITNESS LIST (DOCKET NO. 24)

Plaintiff filed this action on September 9, 2009, alleging that Defendant housing commission and its employees violated 42 U.S.C. § 1983 by depriving Plaintiff of Section 8 housing benefits without due process of law. (Docket no. 1 at 3). This matter is presently before the Court on Defendants' Motion for Disqualification of Plaintiff's Counsel, or in the Alternative, Motion To Strike Plaintiff's Counsel from Plaintiff's Witness List. (Docket no. 24). The motion has been fully briefed. This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 25). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Defendants' motion raises the propriety of Plaintiff's counsel, Douglas Spicer, serving as

1

both counsel to Plaintiff and as a fact witness on behalf of Plaintiff at trial. The relevant facts for purposes of this motion concern whether the Ypsilanti Housing Commission held an informal hearing on October 27, 2006 related to the termination of the Plaintiff's Section 8 benefits. There is no dispute that Plaintiff's counsel appeared before the housing commission hearing officer at the date and time scheduled for Plaintiff's informal hearing and had a discussion with the Defendants. Plaintiff and her daughter were also present at this meeting. The parties disagree, however, as to whether the hearing was conducted. Plaintiff's counsel claims that the Defendants refused to hold the hearing. Defendants, on the other hand, allege that the informal hearing was held, but was abruptly ended when Plaintiff's counsel left the hearing with his client and her daughter because he was not prepared to proceed. According to the Defendants, Plaintiff's counsel indicated that he would contact the Defendants when he was ready to proceed, but that he did not contact them until this complaint was filed three years later.

Also relevant to this motion, on October 23, 2006 Plaintiff's landlord obtained a landlord-tenant default judgment providing that the landlord had a right to possession of the property. The judgment states that an order evicting the Plaintiff would be issued unless Plaintiff paid the amount owed to the landlord or moved from the premises on or before October 15, 2006. (Docket no. 24, Ex. J). Plaintiff appealed the Judgment. On appeal, the 34th District Court entered an Order to set aside the default judgment and dismiss the case with prejudice. (Docket no. 24, Ex. J).

On November 16, 2009, the Court in this case entered a Corrected Scheduling Order requiring the parties to list their respective witnesses by February 1, 2010. (Docket no. 13). Plaintiff did not file her witness list until February 4, 2010. (Docket no. 15). In her late-filed witness list Plaintiff identifies Plaintiff's counsel, Douglas Spicer, as a potential trial witness.

2

(Docket no. 15). Defendants filed an immediate objection to the Plaintiff's witness list, arguing that Plaintiff's counsel cannot act as a fact witness for his client and demanding that Plaintiff's counsel, Douglas Spicer, be stricken from Plaintiff's witness list. (Docket no. 16). On March 12, 2010, Defendants filed the instant motion pursuant to MRPC 3.7, requesting an order disqualifying Plaintiff's counsel from acting as Plaintiff's attorney in this case, or striking Plaintiff's counsel from Plaintiff's witness list and refusing to allow Plaintiff's counsel to testify at trial. (Docket no. 24).

Defendants contend that Plaintiff's counsel is a necessary witness to what occurred during the October 27, 2006 informal hearing, what was stated by whom, and why the informal hearing was never continued at a later date. They also argue that the state court Judgment has not been vacated, and that Plaintiff's counsel is a necessary witness with regard to the procedural issues involved in Plaintiff's effort to get the Judgment reversed. Defendants state that Plaintiff's counsel will attempt to testify as to these matters at trial, and ask that either Plaintiff's counsel be disqualified from representing the Plaintiff, or be stricken from Plaintiff's witness list.

Plaintiff's counsel argues in response that he is not a necessary witness in Plaintiff's case and should not be disqualified. Plaintiff's counsel asserts that state court transcripts will provide whatever evidence is required relative to the state court proceedings. Plaintiff's counsel further argues that he is not a necessary witness to the October 27, 2006 housing commission proceedings because the Plaintiff and her daughter were also present. Despite the fact that he claims that he is not subject to disqualification, Plaintiff's counsel objects to Defendants' motion to strike, arguing that he will testify at trial if it seems appropriate. He also argues that to the extent he is a necessary witness, striking him from Plaintiff's witness list will deny Plaintiff the right to present her case.

Rule 3.7(a) of the Michigan Rules of Professional Conduct states: "A lawyer shall not act

3

as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue . . . or (3) disqualification of the lawyer would work substantial hardship on the client." MRPC 3.7(a). Disqualification of counsel is a severe sanction. *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003). "[A]ttorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness." *People v. Tesen*, 739 N.W.2d 689, 695 (Mich. Ct. App. 2007).

The record shows that Plaintiff and her daughter were present at the informal hearing before the housing commission. Excerpts from the Plaintiff's deposition transcript show that Plaintiff was not present during the beginning stages of the informal hearing and cannot testify as to why the hearing did not proceed. (Docket no. 24, Ex. G). However, the record reveals that Plaintiff's daughter was present with Plaintiff's counsel during the hearing, and in particular during the early moments when Plaintiff's counsel and the hearing officer discussed whether the hearing would proceed. (Docket no. 24, Ex. G). The Court notes that Plaintiff's late-filed witness list identifies Plaintiff's counsel as a witness who may be called to testify at trial. (Docket no. 15). Plaintiff and her daughter, on the other hand, are identified by Plaintiff as witnesses likely to be called at trial. Defendants have not indicated that they intend to call Plaintiff as a witness.

The Court finds that Plaintiff's counsel is not a necessary witness in this case. Based on the record before it and upon Plaintiff's counsel's own assertions, evidence necessary to Plaintiff's case may be elicited from independent witnesses and from state court judgments, orders, and transcripts. Defendants' Motion to Disqualify Plaintiff's Counsel will be denied.

As alternative relief, Defendants have moved for an order striking Plaintiff's counsel from

4

Plaintiff's witness list and barring Plaintiff's counsel from testifying at trial. (Docket no. 24). The Court finds that Defendants' objections to Douglas Spicer's dual role as advocate and fact witness are valid. Plaintiff has demanded a jury trial in this case. (Docket no. 1). Permitting Plaintiff's counsel to act as advocate and witness on behalf of Plaintiff on matters which can be introduced into evidence through other available means will only serve to confuse and disrupt the proceedings. Furthermore, it is not clear that Plaintiff has agreed to counsel's dual role and understands the implications associated with having her attorney testify at trial.

If counsel believes his testimony is of import then he should prepare in advance by bringing another attorney onto the case for trial.[1] In light of the circumstances, including that Plaintiff identified Plaintiff's counsel in a late-filed witness list, and that Plaintiff's counsel claims and the evidence suggests that necessary testimony can be elicited from other sources, the Court will grant Defendants' request to strike Douglas Spicer from Plaintiff's witness list and preclude Plaintiff's counsel from offering testimony at trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Disqualification of Plaintiff's Counsel, or in the Alternative, Motion To Strike Plaintiff's Counsel from Plaintiff's Witness List (docket no. 24) is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is denied insofar as it seeks disqualification of Plaintiff's counsel, Douglas Spicer, but granted on Defendants' request to strike Douglas Spicer from Plaintiff's witness list.

**IT IS FURTHER ORDERED** that Douglas Spicer is stricken from Plaintiff's witness list.

---

[1] The Court is aware that on February 18, 2010 a Notice of Appearance of Counsel was filed on behalf of Plaintiff by Paul Woods. (Docket no. 19). The Notice of Appearance is not signed. To the Court's knowledge, Mr. Woods has not signed any motion or argued any issue on behalf of the Plaintiff in this case.

**IT IS FURTHER ORDERED** that the parties are precluded from calling Plaintiff's counsel, Douglas Spicer, to testify as a witness at trial as long as Douglas Spicer remains trial counsel to Plaintiff.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: July 26, 2010            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 26, 2010            s/ Lisa C. Bartlett
                                Case Manager